**Milton Arthur JACOBS v. Abraham PONNOCK, Samuel Ponnock, Leon Ponnock and Fred A. Alleman, Individually and Trading as Metal Masters Co., a Partnership, Appellants.**

No. 10578.

United States Court of Appeals
Third Circuit.

Argued Feb. 7, 1952.

Decided Feb. 27, 1952.

Nathan I. Miller, Philadelphia, Pa. (Ostroff & Anderson, Philadelphia, Pa., on the brief), for appellants.

Nochem S. Winnet, Philadelphia, Pa. (Charles M. Solomon and Fox, Rothschild, O'Brien & Frankel, all of Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and HASTIE, Circuit Judges, and MODARELLI, District Judge.

PER CURIAM.

This appeal is from a judgment entered by the District Court upon the verdict of the jury rendered in favor of the plaintiff. The defendants here complain that (1) the jury's verdict was against the weight of the evidence and (2) the trial judge committed prejudicial error in addressing plaintiff's counsel, a retired State Court jurist, as "Judge" on two occasions during the course of the trial.

Examination of the record does not substantiate the defendants' contention that the jury's verdict was against the weight of the evidence. There was a conflict in the testimony which was resolved by the jury in the plaintiff's favor. It is well settled that a new trial will not be granted on the ground that the verdict was against the weight of the evidence where the latter is conflicting and the jury might have found for either party. The trial judge instructed the jury it was charged with the duty to determine the credibility of witnesses; that the burden was on the plaintiff to establish his case by a preponderance of the evidence, and in doing so he defined in clear terms "preponderance of evidence".

Finally, we are not convinced that the defendants were prejudiced by the reference to plaintiff's counsel as "Judge" on two occasions during a trial in which the presiding judge clearly evidenced an attitude of strict impartiality towards opposing counsel.

For the reasons stated the judgment of the District Court will be affirmed.